# DAVID BROWN

*vs.*

## AMELIA BROWN et al.

Where the attorney effects a compromise with the full authority of his client, and, in pursuance thereof, files for the client an answer to the bill assenting to a sale of the property, such sale is binding upon the client.

In Equity.   No. 1237.   Decided February 13, 1869.

APPEAL from an order of the Equity Court refusing a writ of possession.

THE FACTS are stated in the opinion.

Mr. ENOCH TOTTEN for plaintiff:

The judgments of this court, even if voidable for error, cannot be impeached collaterally. Huff *vs.* Hutchison, 14 How., 586.

Where a regularly licensed solicitor of the court appears and confesses judgment, the judgment is good, notwithstanding the fact that the solicitor had no authority for his appearance. And the judgment will not be set aside, unless it be shown that the solicitor is irresponsible. 1 Salkeld, 88; Lorymer *vs.* Hollister, Strange, 693; Denton *vs.* Noyes, 6 Johns., 296; American Insurance Company *vs.* Oakley, 9 Paige, 497; Henck *vs.* Todhunter, 7 Gill & Johns., 277; Munnikuyson *vs.* Dorsett, 2 Harris & Gill, 375; Fowler *vs.* Lee, 10 Gill & Johns.

But, in this case, the defendant, who detains the property, admits, in her answer to the purchaser's application, that her solicitor appeared by her authority. She must therefore be bound by the decree, and the court having decreed the sale of the land, will put the purchaser in possession, as against any of the parties to the suit. Kershaw

*vs.* Thompson, 4 Johns. Chan., 619; Dove *vs.* Dove 1, Dickens, 617; Van Hook *vs.* Throckmorton, 8 Paige, 33; Ludlow *vs.* Lansing, Hopkins, 321.

A writ of assistance will be granted in the first instance. Valentine *vs.* Teller, Hopkins, 422; Devaucene *vs.* Devaucene, 1 Edwards, 272.

Messrs. JOHN D. McPHERSON and GEORGE F. APPLEBY for defendants:

*First.* The court below rightly discharged the rule, because:

1. The court had no jurisdiction of the cause, and especially as to said Amelia Brown, for—

(*a*) None are parties, though named in the bill against whom process is not prayed. Cooper Eq. Pl., 16; Windsor *vs.* Windsor, 2 Dick., 707; Fawkes *vs.* Prath, 1 P. Wm., 593.

(*b*) If the prayer for process be made and revoked by the complainant, it is equivalent to no prayer at all; otherwise the above well-established rule could, and would be, as in this case, easily evaded.

2. There were no circumstances from which the court could infer that the said Amelia Brown could even probably have acquired notice of the proceeding. No process issued. No appearance for her, as required by the rules of the court, was entered on the order book. Rules of Practice, 46, 17.

No answer signed by her was filed. Hence a suit was never pending against her *pro hac vice.* Rules of Practice, 46, 16; Calvert on Parties in Equity, 101; 1 Vern., 31; 2 Mad. Pr., 325; Brightly's Equity Practice, 309.

Says Mr. Justice Barbour, delivering the opinion of the Supreme Court in Toland *vs.* Sprague, 12 Peters, 329: "Nothing can be more unjust than that a person should have his rights passed upon and finally decided by a tribunal, without some process being served upon him by which he will have notice, which will enable him to appear and defend himself."

3. No subsequent act by her was done, or proceeding had, to bring her within the jurisdiction of the court. There was no signature by her to any answer filed. No oath taken. No order of the court dispensing •therewith as required. See 1 Danl. Ch. Pr., 748 *et notæ.*

No appearance *gratis* at the hearing, all parties consenting, as in 7 Sim., 290; 1 R. & M., 69.

4. The proceedings in every aspect were exceedingly irregular, and without those safeguards which the law itself seeks to throw around parties.

Without any guardian *ad litem* being appointed for an infant defendant, without any replications being filed, without any proof taken, the decree was passed, whereas the act of Assembly of Maryland, giving jurisdiction in the premises, requires proof that a sale would be for the benefit of *all* parties concerned. See Act of 1785, Chap. 72, Sec. 12; 13 Peters, 174.

5. The solicitor, acting in her behalf, exceeded his authority in the premises.

This is obvious, when the pretended answer of Amelia is read with an agreement on file. It makes admissions and submissions hostile to the client's interest, and without the said Amelia's consent, it compromits her rights.

An act by which an attorney, without the consent of his client, has waived his client's substantial legal rights, will not be sanctioned. Howe *vs.* Lawrence, 2 Zabriskie, 99.

Even if acting with authority, in doing such he transcends all authority, and where an attorney acts without authority, his proceedings shall not prejudice the person for whom he assumes to act.

Vaughn on Solicitors and Attorneys, Chap. 3, Sec. 5, 37; *vide* Holker *vs.* Parker, 7 Cr., 436, 452, per Ch. J. Marshall; 11 S. & R., 307, per Ch. J. Tilghman; Smith *vs.* Bossard, 2 McCord Ch., 409; 3 Hurls. & Nor., 926.

6. The said Amelia's response to the rule, set up a title in herself contrarient to the proceedings, and the court will

7DC—15

leave the purchaser in such a case to resort to his remedy at law. *Vide* Lord Ch. Nottingham's decision in 2 Ch. Cas. 244.

*Second.* This appeal should be dismissed.

1. No process was in *fact* prayed, which is fatal on appeal. Calvert on Parties in Equity, 189; Reilly *vs.* Ward, 5 Br. P. C., 495.

2. The order below does not involve the merits.

Mr. Justice WYLIE delivered the opinion of the Court:

Lewis H. Brown, a colored man, died seized of the lot of ground in dispute five or six years ago, leaving a widow, the defendant, but no children.

The complainant filed his bill as one of the heirs at law of the deceased to have the property sold for purposes of partition, and made the widow, who was in possession, a defendant to the suit, with Young, who was co-heir with the complainant. Prior to this she had set up a claim to the whole under an alleged devise from her deceased husband, but the will had been lost, and she had given up an attempt to establish it by parol proof.

She then authorized her counsel, Mr. Ennis, to compromise with the heirs of her husband, on condition of having the property sold, and their paying her one-half of the proceeds. This offer was accepted by the heirs, and they employed Mr. Swann to file a bill for that purpose.

The bill was accordingly filed by Mr. Swann on their behalf, and for the purpose of saving costs the clerk was directed by him not to issue a subpœna against her, and this direction was indorsed on the bill. No subpœna was issued, but Mr. Ennis appeared for her and filed an answer confessing the allegations of the bill, and assenting to any decree the court might think proper to make. A decree was accordingly passed ordering the property to be sold.

The property was sold, and brought a fair price, the petitioner, Fallen, becoming the purchaser. He has paid

all the purchase money into court, and the heirs have taken their share according to the compromise.

But the widow refused to surrender the possession, and Fallen presented his petition to the court at Special Term for a writ of possession. That court refused to grant the writ, and from that order the case was brought into this court by appeal.

At the time the decision of the court below was made, the court had no information of the facts, since then set out fully in the affidavit of Mr. Ennis, showing that he had full authority from Amelia Brown to make the arrangement for compromise on the terms already stated, and therefore to appear for and answer the complainant's bill in her name.

She must, therefore, be considered a party to the suit and bound by the decree.

*The order of the court at Special Term is rescinded,* and it is now ordered that the writ of possession issue as prayed for in the petition, and that defendant pay the costs of the proceeding consequent upon said petition.

Other members of the court do not concur in the reasons above given for its decision, but all concur in the judgment.